UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD CURTIS,                          Case No. 1:21-cv-479
        Petitioner,

                                         Barrett, J.
        v.                               Bowman, M.J.

WARDEN, MARION                           **REPORT AND**
CORRECTIONAL INSTITUTION,                **RECOMMENDATION**
        Respondent.


Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging his 2009 Brown County, Ohio aggravated murder conviction and sentence.  (Doc. 1-

1, Petition at PageID 5).   Because it appeared this was not the first petition filed by petitioner

challenging his conviction and sentence, the undersigned issued an Order for petitioner to show

cause why the matter should not be transferred to the Sixth Circuit Court of Appeals as a second

or successive petition, to which petitioner has responded.  (Doc. 7, 10).

For the reasons below, the undersigned **RECOMMENDS** that this action be

**TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or

successive petition, pursuant to 28 U.S.C. § 2244(b)(1).

## A.  BACKGROUND

Petitioner raises the following four grounds for relief in the petition:

**GROUND ONE**:  Conspiracy-prosecutor, police officer, EMT responders and
local coroner conspired to convict, denied due process of law, prejudicing
petitioner.

**Supporting facts**:  Prosecutor had skull sessions with above witnesses: Dr.
McKinley provided false testimony as did Sgt. Smith, Mr. Bentley, and Ms.
Stalbosky, denied due process of law under the Fourteenth Amendment.  Also see
attached memorandum in support of § 2254 petition.

**GROUND TWO**:  Prosecutor knowingly presented false evidence, denied due

process of law, causing prejudice to petitioner.

**Supporting facts**:  Dr. McKinley testified to not taking notes of the room temperature where decedent was discovered in 1996, and this was the reason for a new time of death in 2008.

**GROUND THREE**:  Prosecution suppressed evidence in violation of Brady, denied due process of law, in violation of Fourteenth Amendment, and Sixth Amendment.

**Supporting facts**: Prosecution suppressed evidence that Linn Stalbosky had notified law enforcement that she had attempted to call decedent at 1:00PM on day of her death, and the phone line was busy.  See attached memorandum in support of § 2254 petition.  This created prejudice as the jury was biased, could not present in closing.

**GROUND FOUR**:  The prosecution suppressed evidence in violation of Brady, when concealing record that Mary Kroger had called law enforcement on August 14, 1996.

**Supporting facts**: Mary Kroger called law enforcement the day after the decedent's death, putting the police on notice that Brent Pope, living in the same gated community as the decedent, was dating the 36-year old woman at Waynoka, that Pope was on mental drugs, mentally unstable, and not to call her again.  Also see memorandum in support of § 2254 petition.  Prejudicing and denied petitioner of his Sixth, Fourteenth Amendment rights, creating a biased jury.

(Doc. 1-1).[1]

As noted in the August 18, 2021 Order, this is not the first habeas petition filed by

petitioner in this Court challenging his Brown County, Ohio convictions and sentence.  *See*

---

[1] The memorandum attached to the petition—initially filed in the Sixth Circuit Court of Appeals—appears to include twenty-eight grounds for relief, raising claims in three categories: conspiracy, prosecutorial misconduct, and ineffective assistance of counsel. (Doc. 1-1 at PageID 22-24).  On June 14, 2021, after the petition was initially filed in the Court of Appeals, the Sixth Circuit issued an Order denying petitioner authorization to file a second or successive petition.  *See Curtis v. Warden*, Case No. 1:12-cv-260 (S.D. Ohio Apr. 2, 2012) (Bertelsman, J.; Litkovitz, M.J.) (Doc. 30).  Petitioner submitted a letter to the Court of Appeals indicating that he intended to file the petition in this Court and the Sixth Circuit issued an Order administratively closing the action as improvidently opened.  *Id.* at Doc. 32.

Petitioner's amended petition includes substantially the same grounds for relief.  (*See* Doc. 3).  Petitioner has included additional grounds of relief, asserting prosecutorial misconduct claims based on statements made during trial (Ground Eleven and Fourteen) and ineffective assistance of trial counsel based on trial counsel's failure to call additional witnesses (Ground Twenty-Eight).  (*See id.*).

*Curtis v. Warden*, Case No. 1:12-cv-260 (S.D. Ohio Apr. 2, 2012) (Bertelsman, J.; Litkovitz,

M.J.) (Doc. 1).  In that case, petitioner raised three grounds for relief:

> **GROUND ONE**:  Denied right to due process, pre indictment delay
>
> **GROUND TWO**:  Speedy trial rights violated
>
> **GROUND THREE**:  Ineffective counsel

*See Id.,* Doc. 8 at PageID 1482-83.  On May 19, 2014, this Court issued an Order and Judgment

denying the petition with prejudice.  *See id.,* Doc. 24.

## B.  ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal

court.  For petitions filed after the first one—'second or successive' petitions in the language of

the statute—applicants must overcome strict limits before federal courts will permit them to seek

habeas relief."  *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C.

§ 2244(b)(3)(A)).  Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a

claim presented in a second or successive habeas corpus petition that was raised in a prior

petition.  In addition, the court must dismiss a claim presented in a second or successive petition,

which the petitioner did not include in the prior petition, unless:  (A) petitioner shows the claim

relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the

claim could not have been discovered previously through the exercise of due diligence; **and** (ii)

the facts would be sufficient to establish by clear and convincing evidence that, but for

constitutional error, no reasonable fact-finder would have found the petitioner guilty of the

underlying offense.  28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.*  The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance.  *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all second-in-time petitions are 'second or successive.'"  *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v.* Quarterman, 551 U.S. 930, 994 (2007)).  The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute.  *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).[2]  "Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court."  *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at *2 (N.D. Ohio Sept. 28, 2018) (Report and Recommendation) (citing *Magwood v. Patterson*, 561 U.S. 320, 321 (2010)), *adopted*, 2019 WL

---

[2] However, not all subsequent petitions relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.  Specifically, courts have held that a later petition is not successive where the first petition was dismissed as premature, *see Stewart*, 523 U.S. at 645; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)).  In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals because the prior dispositions were not "on the merits."  *See Slack*, 529 U.S. at 485-86; *Carlson*, 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2d Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

1409548 (N.D. Ohio Mar. 28, 2019). However, a judgment that "does not result in a 'new, worse-than-before sentence,' does not constitute a 'new judgment' or permit the petitioner to circumvent the requirements for obtaining authorization before filing a second or successive petition." *Id.* (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (per curiam)).

Petitioner seeks to avoid the requirements of § 2244(b) by suggesting in his response to the Court's show-cause order that the instant federal habeas petition is not successive because he is challenging a new, intervening judgment. After petitioner filed his first habeas petition in this Court, petitioner filed a post-conviction motion in the trial court, arguing, in part, that the trial court improperly imposed a term of post-release control. The trial court denied the motion. On appeal to the Ohio Court of Appeals, the appellate court modified petitioner's sentence entry to delete reference to the imposition of post-release control and remanded the matter to the trial court to correct the sentencing entry.[3] Petitioner contends that the trial court's resulting August 26, 2015 "Judgment Entry of Sentence *Nunc Pro Tunc* to September 25, 2009" constitutes a "new judgment" and the instant habeas petition is therefore not successive. (*See* Doc. 10 at PageID 346-49).

As observed by petitioner, the Sixth Circuit has held that a partial resentencing to add a term of post-release control constitutes a new judgment for determining whether a petition is second or successive. *In re Stansell*, 828 F.3d 412, 418 (6th Cir. 2016). However, a limited sentence modification that benefits a petitioner is not a new judgment. *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). In contrast to *In re Stansell*, in this case petitioner's sentence was modified to *remove* post-release control. The amended and corrected judgment entry therefore

---

[3] The Ohio Court of Appeals determined that the five-year term of post-release control was inapplicable to petitioner's murder conviction. *State v. Curtis*, No. CA2015-02-007, 2015 WL 5004891, at *4-5 (Ohio Ct. App. Aug. 24, 2015). The appeals court further held that a new sentencing hearing was not appropriate.

did not impose a "new, worse-than-before sentence" that would permit petitioner to bypass the

requirements for obtaining authorization before filing a second or successive petition. *See*

*Crangle*, 838 F.3d at 678–79, n.1 (noting that in *Eberle v. Warden*, 532 F. App'x 605 (6th Cir.

2013) an intervening judgment vacating a five-year term of post-release control was not a new

judgment because the judgment benefited the petitioner); *Bevins v. Warden*, Case No. 1:20-cv-

166, 2020 WL 6044073, at \*3 (S.D. Ohio Oct. 13, 2020) (Merz, M.J) (Report and

Recommendation) (finding that a *nunc pro tunc* corrected judgment entry increasing the

petitioner's jailtime credit was not a "new judgment" with respect to the second or successive

analysis), *adopted*, 2021 WL 1734175 (S.D. Ohio May 3, 2021) (Black, J.); *Lloyd v. Warden*,

Case No. 1:16-cv-932 (S.D. Ohio Aug. 3, 2017) (Doc. 13, PageID 78-79) (Wehrman, M.J.)

(Report and Recommendation) (finding that a modified judgment order vacating the requirement

that the petitioner pay fees did not constitute a new worse-than-before sentence that would allow

the petitioner to bypass the requirements governing second or successive petitions), *adopted*

(S.D. Ohio Sept. 25, 2017) (Doc. 19) (Black, J.).[4]

In this case, the undersigned concludes that the petition is "successive" within the

meaning of § 2244(b). As noted above, this is the second petition filed by petitioner challenging

his Brown County, Ohio conviction and sentence and petitioner is not contesting any "new

judgment," such as a new sentence imposed on resentencing, that occurred between the habeas

proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). To the extent that

petitioner's claims were raised in his prior petition, they are successive. *See* 28 U.S.C.

---

[4] In both *Bevins* and *Lloyd* the Sixth Circuit subsequently denied the petitioners leave to file a second or successive petitions, finding that the favorable *nunc pro tunc* orders issued in those cases did not constitute "new judgments" and the district court properly transferred the petition to the Sixth Circuit. *See In re: Bevins*, No. 21-3426 (6th Cir. Oct. 13, 2021) (Doc. 11) (Moore, White, Thapar, JJ.); *In re: Damon Lloyd*, No. 17-1404 (6th Cir. Jan. 25, 2018) (Doc. 8) (Guy, Daughtry, Sutton, JJ.).

§ 2244(b)(1).  To the extent that petitioner seeks to posit new claims that were not asserted in his prior petition, the claims are still successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown they rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the claims could not have been discovered previously through the exercise of due diligence, **and** such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional errors, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.

Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit.  When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), the petition as well as petitioner's pending motions, *see United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam), should be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RICHARD CURTIS,
      Petitioner,

    v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:21-cv-479

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).